

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. Woodrow Laughlin
County Attorney
Jim Wells County
Alice, Texas

Dear Sir:

Opinion No. O-4726
Re: Can a person who attained
the age of twenty-one years
during the year 1941 and be-
fore the first day of Febru-
ary, 1942, vote in the July
25th primary election with-
out first having obtained
from the Tax Assessor-Col-
lector a certificate of
exemption, and a related
question.

Your letter of July 21, 1942 requesting the
opinion of this Department on the questions stated
therein reads as follows:

"I have read and studied your Opinions
Numbered O-1741a and O-2195 and I submit here-
with for your specific ruling the following
questions, to-wit:

"(1) Can a person who attained the age
of 21 years during the year 1941 and before
the first day of February, 1942, vote in
the July 25th Primary Election without first
having obtained from the tax collector a
certificate of exemption?

"(2) Can a person attaining the age of 21
years after the 1st day of February, 1942 and
before the July 25th Primary Election, vote
in such election without having obtained a
certificate of exemption prior to February
1, 1942?

Honorable C. Woodrow Laughlin, Page 2

"For the purpose of this opinion, Jim Wells
County has no city of more than 10,000 in-
habitants or more.

"I deem it unnecessary to quote Articles
2968a and 2969 inasmuch as they are quoted
in full in the above two opinions dated June
29, 1940, nor should I attempt to quote from
any of the cases cited in those opinions be-
cause the same should be superfluous. I
merely wish to call your attention to Article
2955 as amended in 1941, 47th Legislature,
and reads in part as follows:

'Every person subject to none of the
foregoing disqualifications who shall
have attained the age of twenty-one
(21) years and who shall be a citizen
of the United States, and who shall
have resided in this State one year
next preceding an election, and the
last six (6) months within the dis-
trict or county in which he or she offers
to vote, shall be deemed a qualified
elector. The electors living in an
unorganized county may vote at an elec-
tion precinct in the county to which such
county is attached for judicial purposes;
provided that any voter who is subject to
pay a poll tax under the laws of this
State, shall have paid said tax before
offering to vote at any election in this
State and holds a receipt showing that
said poll tax was paid before the first
day of February next preceding such
election; and, if said voter is exempt
from paying a poll tax and resides in
a city of ten thousand (10,000) inhabi-
tants or more, he or she must procure
a certificate showing his or her exemp-
tions, as required by this title.'

Honorable C. Woodrow Laughlin, Page 3

"Inasmuch as this statute is later than your opinions I am wondering if this has any effect on the present law. I feel that under this late statute that both questions above submitted should be answered in the affirmative. I would like very much to have your opinion on this matter not later than Thursday or Friday of this week and if a communication can not reach me in time, please wire me collect."

Article 2968a, Vernon's Annotated Civil Statutes, reads in part as follows:

"Every person not subject to the disqualifications set out in Article 2954, Revised Civil Statutes of 1925, who does not reside in a city of 10,000 inhabitants or more, and who is exempt from the payment of a poll tax by reason of the fact that he or she has not yet reached the age of twenty-one years on the first day of January preceding its levy, or who is exempt from the payment of a poll tax because he or she was not a resident of the State on the first day of January preceding its levy, but who shall have since become eligible to vote by reason of length of residence or age, shall, on or before the thirty-first day of January of the year in which he or she offers to vote, obtain from the Assessor and Collector of Taxes for the county of his or her residence a certificate of exemption from the payment of a poll tax, and no such person who has failed or refused to obtain such certificate of exemption from the payment of a poll tax shall be allowed to vote. (Emphasis ours)

". . . ."

Honorable C. Woodrow Laughlin, Page 4

The Beaumont and the Austin Courts of Civil Appeals have held in recent decisions that under the terms and provisions of Article 2968a all persons, with certain exceptions, not subject to the payment of poll tax because of non-age, who have become twenty-one years of age after January 1st and before the day of the following election, may not vote unless they obtain a certificate of exemption on or before January 31st of the year in which they offer to vote. Rogers vs. Smith, et al, 119 S. W. (2) 678, Clark vs. Stubbs, 131 S. W. (2) 663.

In the case of Rogers vs. Smith, et al, supra, the Beaumont Court of Civil Appeals held that:

"In an election contest, the refusal on the part of the District Court hearing same to count a vote by a party who became twenty-one years of age before election held on April 3, 1937, and subsequent to January 1, 1937 was not error, where such voter failed to obtain from the Tax Assessor and Collector a certificate of exemption, and such person was not a qualified voter."

As authority for this holding, the Court cited Article 2968a, Vernon's Annotated Civil Statutes, Acts 1935, Forty-fourth Legislature, page 686, Chap. 292, Sec. 1.

The holding of the Austin Court of Civil Appeals in the case of Clark vs. Stubbs, supra, is the same as that of the Beaumont Court of Civil Appeals in the case of Rogers vs. Smith, et al. We quote from the opinion as follows: (at page 666)

"Appellee challenged the votes of Nell Rose Morrisey, Jess Dyer, Lillie Gibson, Wilbur Herwig, Louise Wilderbrush, Mrs. Bowman Bazil, Clinton

Jacobs, and Willis Blackburn, because each of them became twenty-one years of age after January, 1938, and prior to November 1938, and under the governing statute, therefore, they were not entitled to vote without an exemption certificate. Article 2968a, Vernon's Annotated Civil Statutes, Acts 1935, Forty-fourth Legislature, page 868, Chap. 292, Sec. 1, provides that each of the voters in question was required to obtain the exemption certificate before he or she was entitled to vote. Neither of them obtained such certificate. The statute is mandatory and these voters were not qualified to vote at the election, and the trial court correctly excluded all such votes."

It was stated in our opinion No. O-1741e that:

"The cases of Clark vs. Stubbs and Rogers vs. Smith, supra, specifically hold that those persons exempt from the payment of the poll tax by reason of non-age and residing in a city of less than 10,000 inhabitants must obtain exemption certificates on or before the 31st day of January of the year in which they offer to vote."

We have carefully studied Article 2955, Vernon's Annotated Civil Statutes, as amended by the Forty-seventh Legislature, 1941, in connection with the facts stated in your request and have reached the conclusion that said Article is not applicable to the questions under consideration.

Honorable C. Woodrow Laughlin, Page 6

In view of the foregoing authorities we respectfully answer both of your questions in the negative.

This opinion does not in any way attempt to construe Article 2955, supra, other than as stated above.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:MBR

APPROVED JUL 24, 1942

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN